## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

SKY TECHNOLOGIES LLC

      Plaintiff,

v.

HP Enterprise Services LLC et al

      Defendants

Civil Action No. 10-211

Judge David Folsom

Jury Trial Demanded

### PLAINTIFF'S ORIGINAL COMPLAINT

Sky Technologies LLC files this original Complaint against defendants and for cause of action would state the following.

### RELATED CASE

1.      This case is related to two actions previously filed in the Marshall Division of the Eastern District of Texas, each of which were assigned to Judge Folsom, captioned *Sky Technologies, LLC v. IBM Corporation*, No. 2:03CV454DF, filed December 18, 2003 and *Sky Technologies, LLC v. SAP AG and SAP America, Inc. and Oracle Corp.*, No. 2:06CV440DF, filed October 17, 2006.

### PARTIES

2.      Plaintiff Sky Technologies LLC ("Sky") is a Massachusetts corporation with its principal place of business at 2 Second Landing Way, Truro, Massachusetts, 02118.

3.      Defendant HP Enterprise Services LLC, previously known as Electronic Data Systems, is organized under the laws of Delaware with its principal place of business in Plano, Texas.  HP Enterprise Services LLC may be served with process by serving its registered agent CT Corporation System, 350 N. St. Paul St., Ste. 2900; Dallas, TX 75201-4234.

4.     Defendant Hewlett-Packard Company is a corporation duly organized and existing under the laws of Delaware, with its principal place of business at 3000 Hanover Street, Palo Alto, California 94304. Hewlett-Packard Company may be served with process by serving its registered agent CT Corporation System, 350 N. St. Paul St., Ste. 2900; Dallas, TX 75201-4234.

5.     Defendant Optimal Solutions Integration, Inc. is a Texas corporation with its principal place of business at 1231 Greenway Drive, Suite 900; Irving, TX 75038.

6.     Defendant Accenture LLP is a limited liability partnership, authorized to do business in Texas, organized and existing under the laws of the State of Illinois. Upon information and belief, Accenture LLP's principal place of business is in Chicago, Illinois.

7.     Defendant Accenture Inc. is a Delaware corporation authorized to do business in Texas with its principal place of business in Chicago, Illinois. Defendants Accenture LLP and Accenture Inc. may be served with process by serving their registered agent, Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701.

8.     Defendant Deloitte LLP is a foreign limited liability partnership organized under Delaware law and authorized to do business in Texas, with its principal place of business in New York, New York. Deloitte LLP may be served with process by serving its registered agent, Roger Nanney, 2200 Ross Avenue, Suite 1600, Chase Tower; Dallas, TX 75201.

9.     Defendant Deloitte & Touche USA LLP is a foreign limited liability partnership organized under Delaware law and authorized to do business in Texas, with its principal place of business in New York, New York. Deloitte & Touche USA LLP may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620; Austin, TX 78701-3218.

10.     Defendant Deloitte Consulting LLP is, upon information and belief, the consulting services arm and subsidiary of Deloitte & Touche USA LLP, the U.S. member firm of Deloitte Touche Tohmatsu. Upon information and belief, Deloitte Consulting's principal place of business is New York, New York.

11.     Defendant KPMG LLP, formerly known as KPMG Peat Marwick, LLP, is the U.S. member firm of KPMG International. KPMG LLP is a limited liability partnership organized under the laws of the State of Delaware and having its principal place of business in Montvale, New Jersey. KPMG LLP may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Ste. 2900; Dallas, TX 75201-4234.

12.     Defendant KPMG Consulting LLC is a foreign limited liability company authorized to do business in Texas. KMPG Consulting LLC may be served with process by serving its registered agent, Lexis Document Services Inc., 211 E. 7th Street, Suite 620; Austin, TX 78701-3218.

13.     Defendant Ernst & Young LLP is a Delaware corporation with its principal place of business in New York, New York. Defendant Ernst & Young LLP may be served with process by serving its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235; Houston, TX 77062.

14.     Defendant Capgemini U.S. LLC is a Delaware corporation with its principal place of business in Bloomfield, New Jersey. Capgemini U.S. LLC may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 211 E. 7th Street, Suite 620; Austin, TX 78701-3218.

15.     Defendant PricewaterhouseCoopers LLP is a limited liability partnership organized under the laws of Delaware, with its principal place of business in New York, New York.

PricewaterhouseCoopers LLP may be served with process by serving its registered agent, CT Corporation, 350 North St. Paul Street, Suite 2900; Dallas, TX 75201.

## JURISDICTION AND VENUE

16.     This is an action for violation of the patent laws of the United States, Title 35, United States Code, more particularly, 35 U.S.C. §§ 271 *et seq*.  This Court has jurisdiction under 28 U.S.C. § 1338, 28 U.S.C. § 1331, and 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000.00.

17.     Venue is proper in this district based on 28 U.S.C. § 1391 and 1400.  Upon information and belief, Defendants have done business in this district, have committed acts of infringement in this district, and continue to commit acts of infringement in this district, entitling Sky to relief.

18.     Upon information and belief at least two defendants, HP Enterprise Services LLC and Optimal Solutions Integration, Inc., are residents of Texas and transact business throughout Texas. Upon information and belief HP Enterprise Services LLC maintains its principal place of business in this district.

19.     Defendants have sufficient contacts with this judicial district and the state of Texas to subject them to the jurisdiction of this Court.  Upon information and belief, each defendant is registered to do business in Texas, has an established agent for service of process in Texas, and has in the past and continues to do business and commit, contribute to and/or induce acts of infringement in Texas and in this district.

## BACKGROUND

20.     Jeffrey Conklin founded TradeAccess, Inc., also known as Ozro, Inc. and later founded Sky Technologies ("Sky").  Sky owns all of the intellectual property at issue here.

21.     Specifically, Sky owns U.S. Patent No. 6,141,653 ("the '653 patent"), U.S. Patent No. 6,336,105 ("the '105 patent"), U.S. Patent No. 6,338,050 ("the '050 patent"), as well as U.S. Patents

Nos. 7,162,458 ("the '458 patent"); 7,149,724 ("the '724 patent"); 6,332,135 ("the '135 patent");

7,194,442 ("the '442 patent"); and 7,222,109 ("the '109 patent").   These eight patents are

collectively referred to herein as "the Sky patents."

22.      Many of the claims of the Sky patents relate to enterprise systems of hardware and software

that operate to facilitate, enhance, improve or relate to multivariate negotiations among two or more

parties or businesses.

23.      Defendants make, use, offer to sell, import and sell systems that infringe the Sky patents,

including but not limited to systems incorporating software manufactured by SAP AG and SAP

America, Inc., as well as other infringing negotiation systems and custom solutions.   These

infringing systems include mySAP Supplier Relationship Management, mySAP Customer

Relationship Management, SAP E-Sourcing, mySAP Enterprise Resource Planning, mySAP Supply

Chain Management, mySAP Product Lifecycle Management and the mySAP Supplier Network.

24.      Defendants have been and continue to infringe the claims of the Sky patents both directly and

indirectly.

25.      Sky is entitled to a permanent injunction and damages as a result of Defendants' patent

infringement, as further described below.

### DEFENDANTS' INFRINGEMENT OF THE SKY PATENTS

26.      Defendants are in the business of, among other things, making and selling products and

services that infringe the Sky patents.

27.      Defendants make, use, offer to sell, sell or import systems that infringe the Sky patents when

they install, implement, configure, demonstrate, host, supply training and support and provide a host

of additional services and/or products or solutions related to the infringing negotiation systems.

28.    Defendants have been and still are infringing the Sky patents by making, using, importing, offering to sell and by selling business software systems embodying the patented inventions, and will continue to do so unless enjoined.

29.    Defendants make, use, offer to sell, import and sell systems that infringe the Sky patents, including but not limited to systems incorporating software manufactured by SAP AG and SAP America, Inc., as well as other infringing negotiation systems and custom solutions.  These infringing systems include mySAP Supplier Relationship Management, mySAP Customer Relationship Management, SAP E-Sourcing, mySAP Enterprise Resource Planning, mySAP Supply Chain Management, mySAP Product Lifecycle Management and the mySAP Supplier Network. Upon information and belief, each defendant has made, used, offered to sell, imported or sold systems that incorporate one or more of these SAP products and will continue to do so unless enjoined.

30.    Defendants have been and still are infringing the Sky patents by actively inducing others to infringe and contributing to the infringement by others of the Sky patents.  Defendants induce and contribute to the infringement by their clients and other end-users of systems they support, as well as their resellers, partners and distributors who, upon information and belief, make, use, offer to sell, import or sell systems that infringe the Sky patents, including but not limited to systems incorporating software manufactured by SAP AG and SAP America, Inc., as well as other infringing negotiation systems and custom solutions.  These infringing systems include mySAP Supplier Relationship Management, mySAP Customer Relationship Management, SAP E-Sourcing, mySAP Enterprise Resource Planning, mySAP Supply Chain Management, mySAP Product Lifecycle Management and the mySAP Supplier Network.

## DEMAND FOR TRIAL BY JURY

31.    Sky demands a trial by jury.

## CAUSES OF ACTION AGAINST DEFENDANTS

### NO. 1 PATENT INFRINGEMENT – 35 U.S.C. §§ 271 AND 281.

32.    Sky incorporates the preceding paragraphs as if fully set forth herein.

33.    Defendants have violated and continue to violate 35 U.S.C. § 271.  Specifically, Defendants have in the past and continue to make, use, import, sell and offer to sell systems and services that infringe the claims of the Sky patents.

34.    Defendants have also contributed to and induced the infringement by others, without a license under the patents.

35.    Defendants' past and continued direct and indirect infringement of Sky's patents has damaged Sky, entitling Sky to no less than a reasonable royalty extending throughout the life of Sky's patents.

## REMEDIES AND PRAYER

36.    Sky incorporates the preceding paragraphs as if fully set forth herein.

37.    Because of Defendants' actions, Sky has suffered and will continue to suffer irreparable injury, for which the remedies available at law provide inadequate compensation.  Defendants' infringement thus warrants a remedy in equity and such remedy will not disserve the public interest.

38.    Accordingly, in addition to monetary damages, Sky also seeks a permanent injunction to prevent Defendants' continued infringement of Sky's patents.

39.    Unless enjoined, Defendants will continue to directly and indirectly infringe the Sky patents as described herein.

## WILLFULNESS – ENHANCED DAMAGES

40.     Sky incorporates the preceding paragraphs as if fully set forth herein.

41.     Upon information and belief, Defendants know and/or have known that the Sky patents were duly issued to Sky and proceeded with an objectively reckless disregard for Sky's patent rights, and without a sound or good faith basis to believe they had the right to continue their unlicensed use of the infringing systems.

42.     As a result of Defendants' willful and deliberate misconduct, Sky seeks an enhancement of its damages pursuant to 35 U.S.C. § 284.

## ATTORNEYS' FEES

43.     Sky incorporates the preceding paragraphs as if fully set forth herein.

44.     Because of Defendants' actions, Sky has been forced to retain counsel to enforce its rights.

45.     Defendants' conduct makes this an exceptional case pursuant to 35 U.S.C. § 285.

46.     Pursuant to 35 U.S.C. § 285, and to the maximum extent permitted by law, Sky seeks the recovery of its reasonable and necessary attorneys' fees incurred in bringing this action.

## PRAYER

**WHEREFORE,** Sky prays:

    a.   for a judgment that Defendants have been and continue to be infringing United States Letters Patent No. 6,141,653; No. 6,338,050; No. 6,336,105; No. 7,149,724; No. 7,162,458; No. 6,332,135; No. 7,194,442; and No. 7,222,109;

    b.   for a permanent injunction enjoining Defendants and all in privity with them from further infringement of the claims of United States Letters Patent No. 6,141,653; No. 6,338,050; No. 6,336,105; No. 7,149,724; No. 7,162,458; No. 6,332,135; No. 7,194,442; and No. 7,222,109;

c.  for an award of damages from Defendants in an amount no less than a reasonable royalty extending over the life of Sky's patents;

d.  for a threefold increase of the damages from Defendants, or some lesser increase as the Court deems appropriate, based on Defendants' willful infringement;

e.  for an award of the costs and expenses of this action and reasonable attorneys' fees herein incurred;

f.  for pre- and post-judgment interest at the maximum allowable rate under the law; and

g.  for such other and further relief as this Court may deem appropriate either at law or in equity.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

/s/ Lexie White
Lexie G. White
State Bar No. 24048876
E-Mail: lwhite@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6666

Lead Attorney for Sky Technologies LLC

OF COUNSEL:

Stephen D. Susman
State Bar No. 19521000
E-Mail:  ssusman@susmangodfrey.com
Brian D. Melton
State Bar No. 24010620
E-Mail: bmelton@susmangodfrey.com
Anne E. Mullins
State Bar No. 24053378
E-Mail:  amullins@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6666

T. John Ward, Jr.
State Bar No. 00794818
E-Mail:  jw@jwfirm.com
Bruce A. Smith
State Bar No. 18542800
E-Mail:  bsmith@jwfirm.com
WARD AND SMITH LAW FIRM
111 W. Tyler Street
P.O. Box 1231 (75606-1231)
Longview, TX 75601
Telephone:  (903) 757-6400 or 866/305-6400
Facsimile:  (903) 757-2323

Attorneys for Sky Technologies LLC